UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG

MICHAEL JOHNSON,

    Movant,

v.                                   Case No. 6:12-cv-00632
                                     Case No. 6:09-cr-00205

UNITED STATES OF AMERICA,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is the movant's letter-form motion, which was docketed on March 2, 2012, as a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 39), and the movant's Motion for Default Judgment filed on December 3, 3012 (ECF No. 48). This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

Michael Johnson (hereinafter "the defendant") is serving a 78-month sentence, to be followed by a three-year term of supervised release, upon his guilty plea, pursuant to a written plea agreement, to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The defendant's written plea agreement included an agreement that his adjusted offense level was a level 30. The plea agreement made no mention of the defendant's criminal history category. (ECF No. 16 at 4-5.)

The written plea agreement also contained a provision stating that the defendant retained the right to seek appellate review of the District Court's determination of the Sentencing Guideline range, if an objection was properly preserved, but otherwise waived the right to seek appellate review of any sentence of imprisonment or fine, so long as the sentence was below or within the range corresponding to an offense level of 30, and further waived any collateral attack, unless based upon a claim of ineffective assistance of counsel. (*Id.* at 5.)

The defendant's sentencing occurred on March 24, 2010. During the sentencing hearing, the defendant lodged an objection to the proposed additional two point enhancement to his criminal history category based upon the timing of the instant offense in relation to a prior sentence imposed on the defendant in Fort Smith, Arkansas. According to the defendant's Presentence Investigation Report ("PSR"), on March 30, 2005, the defendant pled guilty to the felonies of manufacture of marijuana and possession of marijuana with intent to deliver in Sebastian County Court in Fort Smith, Arkansas (Case No. CR04-00994). The court imposed a five year sentence, but suspended it based upon good behavior. On February 16, 2006, a petition to revoke the suspended sentence was filed, and a bench warrant was issued. The bench warrant was apparently outstanding at the time the defendant committed the instant offense.

Section 4A1.1(d) of the United States Sentencing Guidelines requires a two-point increase to a defendant's criminal history points where the instant offense is committed while serving another sentence. Thus, the probation officer recommended that the two-point enhancement of the defendant's criminal history total be applied. The defendant objected to this recommended enhancement, and his counsel filed a Sentencing Memorandum addressing the objection prior to the sentencing hearing. (ECF No. 25.)

The Sentencing Memorandum asserted that the sentence imposed upon the defendant in Arkansas had no custodial or supervisory component and, thus, did not fall within the purview of the enhancement guideline. (*Id.* at 2-3.)

The District Court addressed the objection during the sentencing hearing. Based upon authority cited during the hearing, the court found that the defendant's Arkansas sentence, which was suspended for good behavior, was akin to a term of unsupervised probation, which satisfied the custodial or supervisory requirement for a prior sentence, in order to apply the section 4A1.1(d) enhancement to the defendant's criminal history category. Thus, the court overruled the defendant's objection and applied the two-point enhancement. (ECF No. 44 at 7-17.) The defendant was found to have a total of four criminal history points (instead of two), which placed him in a Criminal History Category III, instead of II, and resulted in a Guideline sentencing range of 78-87 months.

The defendant did not appeal his conviction or sentence, and has taken no further action prior to the filing of the instant section 2255 motion. The instant letter-form motion cites a recent decision by the United States Court of Appeals for the Fourth Circuit in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc). In *Simmons*, the appellant appealed the use of his prior North Carolina conviction as a basis for imposing an enhanced sentence under the Controlled Substances Act. Although the North Carolina statute under which Simmons was convicted carried the possibility of a sentence of more than one year, based upon the existence of certain aggravating factors, Simmons's conduct did not qualify for the aggravating factors, and he was actually sentenced to serve six to eight months of "community punishment," without a single day of imprisonment.

Relying on the Supreme Court's decision in *Carachuri-Rosendo v. Holder*, ___ U.S. ___, 130 S. Ct. 2577, 177 L. Ed.2d 68 (2010), which was decided on June 14, 2010[1], the Fourth Circuit held that, for a prior conviction to serve as a predicate felony offense under the Controlled Substances Act, the defendant must have been convicted of an offense for which he was personally punishable by a sentence of imprisonment exceeding one year – irrespective of the maximum punishment that a hypothetical "worst case" defendant could receive. *Simmons*, 649 F.3d at 241. However, as previously noted by the presiding District Judge herein:

> The Fourth Circuit's reasoning cannot be divorced from the non-discretionary nature of North Carolina's Structured Sentencing scheme. Under that scheme, a felony conviction is contingent upon both the "class of offense" and the offender's "prior record level." [649 F.3d] at 240 (citing N.C. Gen. Stat. § 15A-1340.13(b)). The defendant's prior offense was punishable as a felony only if the State proved both the existence of certain aggravating factors and demonstrated that the offender had a prior record level of at least five. *Id.* at 241. If the State failed to satisfy these conditions, as indeed it did in the *Simmons* case, the offender could "*never* receive more than one year's imprisonment." *Id.* (citing N.C. Gen. Stat. 15A-1340.17(c)(d)).
>
> The *Simmons* defendant had not been convicted of a prior felony offense. *Id.* at 248. Under North Carolina law, the class of his offense and his prior record level restricted his maximum sentence to eight months' community punishment. *Id.* at 241. Nonetheless, the federal sentencing court determined that his prior state conviction "was for an offense 'punishable by imprisonment for more than one year," triggering a sentencing enhancement under the Controlled Substances Act." *Id.* at 239. It had arrived at this conclusion by considering not the term of imprisonment to which the defendant had personally been exposed, but "the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." *Id.* at 241. The Fourth Circuit rejected this hypothetical approach, reasoning that the

---

[1] It appears that the defendant's motion is untimely under 28 U.S.C. § 2255(f). Because the defendant did not file a direct appeal, his judgment became final on or about April 7, 2010, and the one-year statute of limitations under 28 U.S.C. § 2255(f)(1) expired on or about April 7, 2011. Even if the one-year statute of limitations were to run from the date of the decision in *Carachuri-Rosendo*, *see* 28 U.S.C. § 2255(f)(3), the statute of limitations would have expired on or about June 14, 2011. The defendant did not file his letter-form motion until March 2, 2012. The only possible way that the motion could be timely is to apply the one-year statute of limitations from the date of the *Simmons* decision on August 17, 2011.

maximum potential sentence the defendant faced for his offense depended on his *actual* criminal history. *Id.* at 244.

*Thomas v. United States*, Case No. 2:94-cr-00169 (S.D. W. Va., November 27, 2012) (Johnston, J.) (ECF No. 158) (unpublished). The defendant herein similarly argues that his prior Arkansas conviction cannot serve as a predicate offense for the career offender enhancement because he was not actually sentenced to serve more than one year in prison.

Even if his motion is considered timely, the defendant is not entitled to relief in this matter. In *United States v. Edmonds*, 679 F.3d 169, 176-177 (4th Cir. 2012), the Fourth Circuit addressed the very issue the defendant is raising herein. The *Edmonds* Court addressed the movant's claim as follows:

> Edmonds also contends that his sentence was improperly enhanced under 21 U.S.C. § 841(b)(1)(A), which provides for a mandatory life sentence for violations of § 841(a) when the defendant has "two or more prior convictions for a felony drug offense," and under U.S.S.G. § 4B1.1(a), which similarly enhances the sentencing range of a defendant who had "two prior felony convictions of . . . a controlled substance offense." With respect to both the statute and the Guidelines, a qualifying prior felony offense must be punishable by imprisonment for a term exceeding one year. *See* 21 U.S.C. § 802(44); U.S.S.G. § 4B1.2(b). Edmonds concedes that one of his prior convictions, for which he received a sentence of 11-14 months, was punishable by imprisonment for more than one year. But he contends that the North Carolina drug trafficking conviction for which he received a sentence of 9-11 months did not qualify as a predicate offense, citing our decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011)(en banc). What Edmonds fails to recognize, however, is that <u>the qualification of a prior conviction does not depend on the sentence he actually received but on the maximum sentence he could have received for his conviction</u>. * * * Because 14 months is the maximum that Edmonds presumptively could have received, we conclude that both of Edmonds' convictions were offenses that were "punishable by imprisonment for more than one year" and therefore qualifying felony drug offenses under 21 U.S.C. § 841(b)(1)(A) and U.S.S.G. § 4B1.1(a).

679 F.3d at 176 [Emphasis added].

5

Judge Johnston made a similar finding in *Thomas*, *supra*, which involved prior convictions in Michigan for delivery of less than 50 grams of cocaine. Although the statutory maximum sentence for those offenses was 20 years in prison, the defendant was sentenced to 90 to 120 days of imprisonment. Judge Johnston found as follows:

> Under the guidance of *Simmons*, the offense of conviction is the "starting place." 649 F.3d at 242 (citing *Carachuri*, 130 S. Ct. at 2586). The Court looks to the sentence which could have been imposed at the time of Petitioner's conviction, without regard to the actual sentence imposed. *Id.* at 243. Prior to his 1995 conviction, Petitioner's PSR reveals he had two prior controlled substance offenses which were each punishable by imprisonment for a term exceeding one year. * * *
>
> At the time of his convictions, then-current Michigan law provided that delivery of less than 50 grams of cocaine was punishable by a maximum term of imprisonment of 20 years. *See* Mich. Comp. Laws § 333.7401(2)(a)(iv) (1989); [Docket citation omitted]. This being the case, the maximum sentence that Petitioner personally could have received exceeded twelve months. Petitioner's prior convictions each qualify as a predicate for the career offender enhancement because with each one, he was both charged with and convicted of an offense punishable by a term of imprisonment in excess of one year. The fact that Petitioner was sentenced to only 90 to 120 days' imprisonment is irrelevant. Based on the offense of his 1992 and 1994 convictions, Petitioner's arguments are unfounded and his reliance on *Carachuri-Rosendo* and *Simmons* is misplaced.

*Thomas*, Case No. 2:94-cr-00169 (S.D. W. Va., Nov. 27, 2012) (Johnston, J.) (ECF No. 158) (unpublished).

The *Simmons* decision concerned a particular enhanced sentencing scheme under North Carolina law that is distinguishable from the instant case. The undersigned, through the United States Probation Office, has obtained the records from the defendant's proceedings in Arkansas. Here, the defendant pled guilty to a two-count information charging him with manufacturing marijuana and possession of marijuana with intent to deliver in an Arkansas state court. Those charges were Class C felonies, which carried a sentence of not less than three years nor more than 10 years in prison.

6

The sentencing judge imposed a $1,000 fine, ordered the defendant to pay court costs of $150, a jail fee of $31, and a public defender fee of $100.  The court further suspended the defendant's driver's license for a period of six months with a permit allowing him to drive for the purpose of employment.  The judge suspended imposition of any further sentence for a period of five years.  Apparently, at some later time, a warrant was issued for the defendant to show cause for failure to pay his fines, but the show cause order was ultimately withdrawn when it was determined that the defendant was incarcerated in a federal prison.

At sentencing, Judge Johnston found that the defendant's suspended sentence, which placed the condition of continued suspension of sentence on the payment of the imposed fines, kept the defendant under the jurisdiction of the court and was, thus, akin to unsupervised probation.  Judge Johnston further found that the sentence was "a criminal justice sentence" as defined under U.S.S.G. § 4A1.1(d), and a predicate offense that would justify a two-level enhancement of the defendant's federal sentence under U.S.S.G. § 4B1.1(a).

The defendant now argues that he had the warrant "recalled."  The undersigned does not believe this fact has any effect on the defendant's status as a career offender.  Nor is Judge Johnston's finding that the defendant's Arkansas conviction met the requirements for a predicate offense under the Career Offender guideline affected by the decision in *Simmons*.  At the time of his sentencing in Arkansas, the defendant was subject to a maximum sentence of 10 years on each count.  The court chose to suspend that sentence, with certain conditions akin to unsupervised probation.  The Fourth Circuit's decision in *Edmonds* dictates that the court should not look at the actual

7

sentence received, but rather the maximum sentence he could have received, which was well more than one year.

Accordingly, the defendant has not demonstrated that he is not a career offender under the Guidelines, and has not demonstrated that his sentence should be vacated, set aside or corrected. Therefore, the undersigned proposes that the presiding District Judge **FIND** that the defendant is not entitled to any relief on his section 2255 motion.

On December 3, 2012, the defendant filed a Motion for Default Judgment (ECF No. 48), asserting that the United States had not responded to his section 2255 motion, as allegedly ordered by the undersigned on March 21, 2012. On March 21, 2012, the undersigned ordered counsel for the United States to obtain and file a copy of the defendant's sentencing transcript, which was done on March 29, 2012. (ECF Nos. 43 and 44.) The undersigned did not order any further response by the United States and, in light of the findings made herein that the defendant's motion lacks merit, the undersigned does not believe that any further response is necessary. Accordingly, because no response to the defendant's section 2255 motion was ordered by the court, the United States is not in default. Therefore, the undersigned proposes that the presiding District Judge **FIND** that the defendant's Motion for Default Judgment (ECF No. 48) is unwarranted and should be denied.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the defendant's section 2255 motion (ECF No. 39), **DENY** his Motion for Default Judgment (ECF No. 48), and dismiss this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the United States Attorney, and Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the defendant and to transmit it to counsel of record.

January 2, 2013

Mary E. Stanley
United States Magistrate Judge

9